UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRUME,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA FOR THE COUNTY OF FRESNO,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00296-AWI-BAK/SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR INJUNCTIVE RELIEF [Doc. 14]<br><br>ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER BLANK FORMS FOR FILING CIVIL RIGHTS ACTION<br><br>ORDER GRANTING EXTENSION OF TIME<br><br>[21-DAY OBJECTION DEADLINE]<br><br>[30-DAY AMENDED PETITION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting a preliminary review of the petition, on May 12, 2022, the Court found the petition deficient insofar as Petitioner failed to name a proper respondent, failed to present any cognizable grounds for relief or facts in support, and failed to demonstrate exhaustion of state remedies. (Doc. 9.) The petition was dismissed with leave to file an amended petition. Subsequently, Petitioner requested and was granted two extensions of time. (Docs. 10-13.)

On August 15, 2022, Petitioner filed the instant motion for injunctive relief and motion for

extension of time. (Doc. 14.) He claims that prison officials are withholding his personal property. He claims that prison officials are failing to respond to his need for medical care. He further claims that prison officials are adversely transferring him within prison, by either placing him in administrative segregation or by housing him with mentally ill or violent inmates. He seeks a restraining order directing prison officials to cease adverse transfers and to return his personal property. He also requests an extension of time to file an amended petition.

## DISCUSSION

### I.    Motion for Injunctive Relief

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). However, the Court lacks jurisdiction, within the framework of a habeas corpus proceeding, to grant the relief Petitioner requests. A federal court is a court of limited jurisdiction. As a threshold and preliminary matter, the Court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the Court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), where the defendants are federal actors, is the proper method for a prisoner to seek monetary or injunctive relief based on a challenge to the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

The Court's habeas jurisdiction was invoked, and thus, the "case" or "controversy" over which this Court now has habeas jurisdiction is limited to challenges to the underlying conviction or sentence. By his motion, Petitioner seeks injunctive relief with respect to conditions of confinement (i.e., housing and personal property); the motion does not seek release based on a challenge to the fact or duration of confinement. Accordingly, the Court lacks jurisdiction to issue such an order. Petitioner's concerns are more properly addressed in a civil rights action pursuant to 42 U.S.C. § 1983.

## II.    Motion for Extension of Time

Petitioner has also requested an extension of time to file an amended petition. Given the difficulties Petitioner states he has experienced to date, the Court finds good cause to grant a further extension of time.

## ORDER

Good cause having been presented, and good cause appearing therefor, Petitioner is GRANTED an extension of time of thirty (30) days from the date of service of this order to file an amended petition. In addition, the Clerk of Court is DIRECTED to provide Petitioner with blank forms for filing a civil rights action.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for injunctive relief be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified

/////

/////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 17, 2022**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE