1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRUME, | Case No. 1:22-cv-00296-AWI-CDB |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF FRESNO, | TWENTY-ONE DAY DEADLINE. |
| Respondent. | |

Petitioner Charles Drume ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno.  *Id*.

**<u>Background</u>**

On February 21, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in the Ninth Circuit Court of Appeals.  *Id*.  The Ninth Circuit transferred the petition to this Court on March 14, 2022.  (Doc. 2).  On May 12, 2022, the Court conducted a preliminary screening of the petition and determined that the petition failed to name the proper respondent, present any cognizable grounds for relief or any facts in support, and failed to demonstrate exhaustion of state remedies.  (Doc. 9).  The Court granted Petitioner thirty days to file a First Amended Petition curing the aforementioned

1

deficiencies.  *Id*. at 4.  The Court duly warned Petitioner that if he failed to file an amended petition, the Court would recommend that the petition be dismissed pursuant to Local Rule 110.  *Id*. at 5.

On May 26, 2022, Petitioner filed a motion for an extension of time to file an amended petition.  (Doc. 10).  The Court granted Petitioner 60 days from the date of service of the order to file a first amended petition.  (Doc. 11).  On July 27, 2022, Petitioner filed a second motion for an extension of time in which he requested 30 additional days to file an amended petition.  (Doc. 12).  The Court granted Petitioner an additional 30 days from the date of service of the order to file a first amended petition on July 29, 2022.  (Doc. 13).  The 30-day period lapsed on August 29, 2022.

Two months after Petitioner's deadline to file an amended petition had run, on October 27, 2022, Petitioner filed a third motion for an extension of time in which he requested an additional 90 days to file an amended petition.  (Doc. 19).  On October 31, 2022, the Court issued an order granting in part and denying in part Petitioner's third motion for an extension of time.  (Doc. 20).  The Court found Petitioner did not set "forth in his motion good cause for the requested extension or otherwise explain why the five months he has had since the original petition was dismissed has not been sufficient time to file an amended petition."  *Id*. at 2.  The Court provided Petitioner 30 days to file a first amended petition and advised Petitioner further motions to extend the time to file an amended petition shall be disfavored without a showing of good cause.  *Id*.

Five days after Petitioner's deadline to file an amended petition had run, on December 5, 2022, Petitioner filed a fourth motion for an extension of time to file an amended petition.  (Doc. 22).  Petitioner claimed the prison systems policies addressing Covid-19 have limited his access to the law library and opportunity to engage in legal research and requested an additional 30 days to amend his petition.  *Id*.  On December 20, 2022, the Court granted Petitioner's fourth motion for an extension of time to file an amended petition *nunc pro tunc* and directed Petitioner to file a first amended petition on or before January 6, 2023.  (Doc. 23).

The deadline for Petitioner to respond to the Court's Order of December 20, 2022, has expired, and Petitioner has not filed any response or otherwise indicated an intention to prosecute this case.  Accordingly, for the reasons described herein, the Court will recommend that Petitioner's petition be dismissed for failure to comply with a court order and failure to prosecute.

**Applicable Law**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court. Before dismissing an action under Fed. R. Civ. P. 41, courts must weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). These factors are "not a series of conditions precedent before the judge can do anything," but for a judge to think about what to do. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

**Analysis**

The Court considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Here, despite having had more than seven months and four extensions of time to file an amended petition, Petitioner has failed to make the necessary filing. (Docs. 9, 11, 13, 20, 23). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Petitioner has failed to comply with

1   the Court's order of December 20, 2022, requiring him to file an amended petition more than two

2   weeks ago.  (Doc. 23).  The Court is experiencing an ongoing judicial emergency and heavy caseload.

3   Petitioner's failure to respond is delaying the case and interfering with docket management.

4   Therefore, the second factor weighs in favor of dismissal.

5        The third factor is inapplicable to this matter as Respondent has not been served and ordered to

6   file a response.  Habeas Rule 4.

7        As to the fourth factor, a preference to rule on the merits usually weighs against dismissal

8   because public policy favors disposition on the merits.  *Pagtalunan*, 291 F.3d at 643; *see Hernandez*

9   *v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases

10   on their merits counsels strongly against dismissal).  Here, upon review, the petition is deficient.  As

11   noted in the Court's previous Order, the petition failed to name the proper respondent, present any

12   cognizable grounds for relief or any facts in support and failed to demonstrate exhaustion of state

13   remedies.  (Doc. 9).  Thus, Petitioner has not presented a matter on the merits for the Court to

14   consider.

15        Lastly, the unavailability of lesser sanctions weighs in favor of dismissal.  "The district court

16   abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the

17   sanction and the adequacy of less drastic sanctions."  *Malone*, 833 F.2d at 131-32 (quoting *United*

18   *States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)).  At this stage in the

19   proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction

20   while protecting the Court from further unnecessary expenditures of its scarce resources.  Moreover,

21   the Court's previous orders expressly warned Petitioner that if he failed to respond, the Court would

22   recommend the district court dismiss the petition.  (Doc. 9 at 5).  Thus, Petitioner had adequate

23   warning that dismissal would result from his noncompliance with the Court's orders.

24        After considering the factors set forth *supra* and binding case law, the undersigned

25   recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

26   **Conclusion and Recommendations**

27        Based on the foregoing, the Court HEREBY RECOMMENDS that:

28

1.     This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order; and

2.     The Clerk of Court be directed to close this case.

       These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **January 23, 2023**                                       
                                            UNITED STATES MAGISTRATE JUDGE