UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRUME,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF FRESNO,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00296-AWI-CDB<br><br>ORDER WITHDRAWING JANUARY 23, 2023, FINDINGS AND RECOMMENDATIONS AND EXTENDING PETITIONER'S TIME TO FILE AN AMENDED PETITION<br><br>(Docs. 24, 25) |

　　　　Petitioner Charles Drume ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On February 21, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in the Ninth Circuit Court of Appeals. *Id*. The Ninth Circuit transferred the petition to this Court on March 14, 2022. (Doc. 2). On May 12, 2022, the Court conducted a preliminary screening of the petition and determined that the petition failed to name the proper respondent, present any cognizable grounds for relief or any facts in support, and failed to demonstrate exhaustion of state remedies. (Doc. 9). The Court granted Petitioner thirty days to file a first amended petition curing the aforementioned deficiencies. *Id*. at 4. The Court duly warned Petitioner that if he failed to file an amended petition, the Court would recommend that the petition be dismissed pursuant to Local Rule 110. *Id*. at 5.

Between May 26 and December 5, 2022, Petitioner filed four motions for an extension of time to file an amended petition and the Court granted each request. *See* (Doc. 24 at 2). On December 20, 2022, the Court granted Petitioner an extension of time to file an amended petition *nunc pro tunc* and directed Petitioner to file a first amended petition on or before January 6, 2023. (Doc. 23). Petitioner did not file an amended petition or any other response by January 6, 2023.

On January 23, 2023, the Court issued findings and recommendations that this action be dismissed without prejudice for failure to prosecute and failure to comply with a Court order. (Doc. 24). The findings and recommendations advised Plaintiff that he must file any objections within 21 days after service of the order and that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." *Id*. at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

On February 13, 2023, the day objections to the Court's findings and recommendations were due, Petitioner represents he "executed" a motion for reconsideration and objections to the Court's recommendations. (Doc. 25). Petitioner asserts on May 14, 2022, prison officials intentionally confiscated and destroyed his legal materials to prevent him from pursuing this habeas action and "possible civil litigation against prison officials." *Id*. at 7. Petitioner argues without access to his trial transcripts "he can not challenge the facts or the length of his prison sentence through a writ of habeas corpus." *Id*.[1] Petitioner requests a fifth extension of time in the amount of 90 days to allow him time to obtain his trial transcripts to state a cognizable claim. *Id*. at 8-9.

Accordingly, in light of Petitioner's representations, IT IS HEREBY ORDERED:

1. The Court withdraws the January 23, 2023, findings and recommendations (Doc. 24); and
2. Petitioner shall file a first amended petition within 90 days of the date of this order. No further extensions of time shall be granted without a timely filed request in which Petitioner sets forth good cause for the requested extension.

---

[1] On October 27, 2022, Petitioner filed a motion for an extension of 90 days wherein he noted his "personal property was resolved." (Doc. 19). It is unclear whether Petitioner already has access to his "legal materials."

2

Petitioner is cautioned that failure to comply with this Order may result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **March 1, 2023**                              _____
                                                                                       UNITED STATES MAGISTRATE JUDGE