UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRUME,<br><br>              Petitioner,<br><br>   v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF FRESNO,<br><br>              Respondent. | Case No. 1:22-cv-00296-ADA-CDB<br><br>ORDER FOR PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>TWENTY-ONE DAY DEADLINE. |

      Petitioner Charles Drume ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno. *Id*.

      On February 21, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in the Ninth Circuit Court of Appeals. *Id*. The Ninth Circuit transferred the petition to this Court on March 14, 2022. (Doc. 2). On May 12, 2022, the Court conducted a preliminary screening of the petition and determined that the petition failed to name the proper respondent, present any cognizable grounds for relief or any facts in support, and failed to demonstrate exhaustion of state remedies. (Doc. 9).

      Subsequently, the Court granted Petitioner five requested extensions of time to file a first amended petition. (Docs. 11, 13, 20, 23, 26). Petitioner's sixth request for a 90-day extension of time is pending. (Doc. 28). Petitioner has claimed he has been unable to draft a first amended

petition because prison officials confiscated and destroyed his legal materials (Docs. 10, 28 at 2)[1], he did not have access to a law library because he was in administrative segregation and because of his facility's Covid-19 policies (Docs. 12, 22, 25), he was attacked and injured by other prisoners (Doc. 25), and, most recently, because he is recovering from surgery (Doc. 28).

It has been over a year since Petitioner has filed his initial petition (Doc. 1), and over a year since this Court determined he failed to name a proper respondent, state any cognizable grounds for relief or any facts in support, and, importantly, failed to demonstrate exhaustion of state remedies (Doc. 9).  It is still unclear if this Court even possess jurisdiction to consider Petitioner's claims.  *See* 28 U.S.C. § 2254(b)(1) (a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies).

Petitioner still has failed to indicate for each of his claims whether he has previously raised the issues and provided the highest state court with a full and fair opportunity to consider the claims – despite being advised by this Court one year ago that his original petition is deficient in this regard. *See* Doc. 9 at 4).  The Court cannot consider a petition that is entirely unexhausted.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  The reasons Petitioner has advanced as warranting significant extensions of time to file a first amended petition do not present any reasonable bar to Petitioner's setting forth in writing whether and how his pleaded claims have been exhausted.

Accordingly, it is HEREBY ORDERED:

Within 21 days of the date of service of this order, Petitioner SHALL show cause in writing why this action should not be dismissed for Petitioner's failure to show exhaustion of state remedies. Petitioner is forewarned that failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **May 31, 2023**                          _____
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] On October 27, 2022, Petitioner filed a motion for an extension of 90 days wherein he noted his "personal property was resolved."  (Doc. 19). It is unclear whether Petitioner already has access to his "legal materials."