UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRUME,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF FRESNO,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00296-ADA-CDB<br><br>FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITHOUT PREJUDICE<br><br>(Doc. 1).<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>(Doc. 28)<br><br>14-DAY DEADLINE |

　　　Petitioner Charles Drume ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno. *Id*.

　　　On February 21, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in the Ninth Circuit Court of Appeals. *Id*. The Ninth Circuit transferred the petition to this Court on March 14, 2022. (Doc. 2). On May 12, 2022, the Court conducted a preliminary screening of the petition and determined that the petition failed to name the proper respondent, present any cognizable grounds for relief or any facts in support, and failed to demonstrate exhaustion of state remedies. (Doc. 9).

Subsequently, the Court granted Petitioner five requested extensions of time to file a first amended petition. (Docs. 11, 13, 20, 23, 26). Petitioner's sixth request for a 90-day extension of time is pending. (Doc. 28). Petitioner has claimed he has been unable to draft a first amended petition because prison officials confiscated and destroyed his legal materials (Docs. 10, 28 at 2), he did not have access to a law library because he was in administrative segregation and because of his facility's Covid-19 policies (Docs. 12, 22, 25), he was attacked and injured by other prisoners (Doc. 25), and, most recently, because he is recovering from surgery (Doc. 28).

On June 1, 2023, the undersigned issued an order to show cause in writing why this action should not be dismissed for Petitioner's failure to show exhaustion of state remedies. (Doc. 29). Petitioner was forewarned that failure to comply with the order to show cause may result in an order of dismissal or a recommendation that the petition be dismissed. *Id*. at 2. The deadline for Petitioner to respond to the Court's order to show cause has expired, and Petitioner has not filed any response.

Petitioner has failed to show he has exhausted state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)). When none of a petitioner's claims has been presented to the highest state court as required, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

Here, despite being on notice since this Court's first screening order that he had failed to demonstrate exhaustion (May 12, 2022, *see* Doc. 9), Petitioner has failed to indicate for each of his claims whether he has previously raised the issues and provided the highest state court with a full and fair opportunity to consider the claim. *See generally* (Doc. 1). Moreover, the Court does not perceive

that the bases Petitioner asserts for his pending request for additional time to file an amended petition – to obtain and review trial transcripts – warrants any additional time to answer the straight-forward question of whether and how Petitioner has exhausted his claims. (Doc. 28).[1]  Therefore, Petitioner's petition must be dismissed as the Court cannot consider a petition that is entirely unexhausted.  *Rose*, 455 U.S. at 521-22.

**Conclusion and Recommendations**

Petitioner's habeas corpus petition fails to name an appropriate respondent, fails to allege he exhausted state judicial remedies and fails to state a cognizable claim.  (Docs. 1, 9).  Petitioner was provided over a year to file a first amended petition to cure the aforementioned deficiencies.  *See generally* (Doc.).  On June 1, 2023, the Court ordered Petitioner to show exhaustion of state remedies. (Doc. 29).  Petitioner did not file a timely response to the Court's order to show cause.  The petition for writ of habeas corpus should be dismissed without prejudice as Petitioner has failed to fully exhaust his state judicial remedies.  Petitioner may file a new habeas action in federal court that identifies the appropriate respondent and raises cognizable federal claims if he ever exhausts state judicial remedies, assuming any such petition is filed within the applicable statute of limitations.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's May 26, 2023, motion for extension of time to file a first amended petition (Doc. 28) is DENIED.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) be dismissed without prejudice as Petitioner has failed to raise unexhausted claims; and
2. The Clerk of Court be directed to close this case.

*Remainder of This Page Intentionally Left Blank*

---

[1] Petitioner also asserts that an extension of time to file an amended petition is warranted to permit him to heal from his May 20, 2023 surgery to repair his shoulder.  (Doc. 28 p. 3).  However, given that Petitioner was capable of drafting a fully comprehensible, three-page motion for extension of time – which Petitioner declared he signed on May 21, 2023 – the day after this surgery, the Court similarly concludes that Petitioner was capable of responding to the Court's show cause order within the 21-days allowed and that no additional extensions are warranted.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**                            _____
                                                     UNITED STATES MAGISTRATE JUDGE