UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRUME,<br><br>        Petitioner,<br><br>   v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF FRESNO,<br><br>        Respondent. | Case No. 1:22-cv-00296-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>(Docs. 28, 30, 31) |

    Petitioner Charles Drume ("Petitioner") is a state prisoner proceeding *pro se* with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno. *Id*. On May 12, 2022, the assigned magistrate judge conducted a preliminary screening of the petition and determined that the petition failed to name the proper respondent, failed to present any cognizable grounds for relief, and failed to demonstrate exhaustion of state remedies. Doc. 9.

    Subsequently, the assigned magistrate judge granted Petitioner five requested extensions of time to file a first amended petition. Docs. 11, 13, 20, 23, 26. On May 26, 2023, Petitioner filed a sixth motion for extension of time. Doc. 28. On June 1, 2023, the assigned magistrate judge issued an order to show cause in writing why this action should not be dismissed for

Petitioner's failure to show exhaustion of state remedies. Doc. 29. Petitioner did not file a response to the order to show cause.

On June 29, 2023, the assigned magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be dismissed without prejudice and that Petitioner's sixth motion for an extension of time be denied as moot. Doc. 30. The assigned magistrate judge determined that, although Petitioner had been on notice since the Court's May 12, 2022, screening order that his petition did not establish exhaustion, Petitioner had failed to demonstrate for each of his claims that he had previously raised the issues to the highest state court with a full and fair opportunity to consider them. *Id*. at 2. The findings and recommendations also found that Petitioner's sixth request for additional time was unwarranted "to answer the straightforward question of whether and how Petitioner has exhausted his claims." *Id*. at 3.

On July 12, 2023, Petitioner filed a motion for reconsideration and objections to the recommendation to dismiss the case ("Objections"). Doc. 31.[1] Petitioner claimed that he had not received the order to show cause and that he was unable to address the Court's orders because he was in severe pain. *Id.* at 2-3. He requested a final 90-day extension of time to respond, a sixth extension of time. *Id*. at 3. Petitioner has not made any further filing in this case since July 12, 2023. Although Petitioner claimed in his Objections that he was physically unable to address the Court's orders, the Objections consisted of several handwritten pages and twelve pages of exhibits concerning his request for an extension of time. Petitioner did not address the magistrate judge's finding that he had failed to demonstrate exhaustion of state remedies on his claims. Despite being on notice since the Court's May 12, 2022, screening order that he had failed to demonstrate exhaustion of state remedies, and despite being given multiple extensions of time, Petitioner has failed to make any such showing of exhaustion of his state remedies, even though he submitted multiple filings to the Court between May 2022 and July 2023.

---

[1] Petitioner's Objections state that he is responding to the Court's "recommendation to dismiss case for failure to comply with a court order." Doc. 31 (caption). The findings and recommendations did not recommend dismissal of the petition for Petitioner's failure to comply with a court order; rather, dismissal was recommended based on Petitioner's failure to raise unexhausted claims. Doc. 30 at 3.

2

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. Having carefully reviewed the entire matter, this Court concludes the findings and recommendations are supported by the record and by proper analysis. Petitioner has failed to demonstrate exhaustion of state remedies. The Court cannot consider a petition that raises unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

Accordingly, the Court HEREBY ORDERS:

1. The June 29, 2023, findings and recommendations (Doc. 30) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed without prejudice for lack of exhaustion;
3. Petitioner's motion for reconsideration (Doc. 31) is DENIED;
4. Petitioner's motion for extension of time (Doc. 28) is DENIED AS MOOT; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   April 7, 2024

UNITED STATES DISTRICT JUDGE